UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON MONROE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:19-cv-00392-JAR |
| ) | |
| ANNE PRECYTHE, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Jason Monroe for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $30.07. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of the Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion to proceed in forma pauperis, plaintiff submitted a certified inmate account statement. (Docket No. 4). The statement shows an average monthly deposit of $150.33. The Court will therefore assess an initial partial filing fee of $30.07, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

2

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is currently incarcerated at the Farmington Correctional Center in Farmington, Missouri. He brings this pro se civil action pursuant to 42 U.S.C. § 1983. The complaint is handwritten on a Court form.

Upon review of the complaint, it is unclear exactly how many defendants that plaintiff is attempting to sue. His form complaint contains two separate caption pages, in which he lists CO1 Jackson, Stephen Spitzmiller, Brady Payne, Mark Mills, Sergeant Ezersky, Anne Precythe, George Lombardi, Terri Lawson, Bill Bowyer, and Tammi White as defendants. (Docket No. 1 at 1-2). In the "parties" section of the complaint, he further lists Kristin Johnson, Functional Unit Manager Hinkle, CCMI Pickett, Lindell Edmonds, Paul Blair, Ian Wallace, Alan Earls, Anita Clarke, Shannon Clubb, and Sergeant Griffin. (Docket No. 1 at 4-5). There are also claims against Dena Boyd, Unknown Phister, Erin Gould, and Scott O'Kelley, who are not listed as defendants.[1]

---

[1] These individuals are the subject of plaintiff's motion to amend by interlineation, which will be discussed below.

3

Meanwhile, there are no claims against defendants Jackson, Spitzmiller, Payne, Mills, or Ezersky, who appear in the caption on the first page.

Plaintiff alleges that he suffers from the social anxiety disorder paruresis, which makes him unable to provide urine specimens for purposes of urinalyses. (Docket No. 1 at 7). As a result, plaintiff states that he was terminated from the Missouri Sex Offender Program and was not allowed parole. (Docket No. 1 at 11-12). Plaintiff generally alleges that defendants have not conducted urinalysis procedures in a manner that is consistent with Missouri Department of Corrections "Policy D5-7.1." (Docket No. 1 at 7). Specifically, he believes that he is entitled to the use of a catheter for urinary analysis. (Docket No. 1 at 11). Plaintiff claims that defendants have shown deliberate indifference to his "medical/mental health needs" that amounts to cruel and unusual punishment. (Docket No. 1 at 10). He also alleges that his due process rights have been violated. (Docket No. 1 at 12).

Plaintiff seeks an order forcing the Missouri Department of Corrections to adhere to Policy D5-7.1 and to create a policy to accommodate offenders suffering from paruresis. (Docket No. 1 at 9). He also seeks immediate release from custody. Finally, he requests monetary damages.

## Discussion

Plaintiff brings this pro se action pursuant to 42 U.S.C. § 1983. He alleges that his constitutional rights have been violated with regard to defendants' handling of his paruresis when collecting urine specimens. Plaintiff's complaint is deficient and subject to dismissal.

First, it is unclear who all plaintiff intends to sue. He names several defendants without providing factual allegations, while including claims against other individuals who he does not name as defendants.

4

Second, plaintiff's statement of claim relies heavily on vague allegations and legal conclusions. He claims, for instance, that Policy D5-7.1 is being violated, but provides no description of that policy. For most of the defendants, plaintiff does no more than accuse the individual of constitutional violations, without providing any factual support. This type of pleading is insufficient to state a claim. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (stating that "the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations").

Because plaintiff is proceeding pro se, he will be allowed to file an amended complaint according to the instructions set forth below.

### A. Amendment Instructions

Plaintiff should type or neatly print his complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). If the complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short

and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that plaintiff allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). It is not sufficient for plaintiff to simply list a defendant's name, and then assert that the defendant violated his constitutional rights.

If plaintiff names more than one defendant, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff has named a large number of defendants. There must be factual allegations to support the liability of each defendant that is sued. Failure to do so will result in that specific defendant's dismissal from this action.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### B. Motion for Leave to Amend by Interlineation

Plaintiff sent a letter to the Court that has been construed as a motion to amend by interlineation. (Docket No. 2). In the letter, plaintiff seeks to add four defendants to the original complaint. The Court does not allow amendments to pleadings by supplementation or interlineation. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (holding "that granting leave to amend a complaint where the plaintiff has not submitted a proposed amendment is inappropriate"). Therefore, the motion must be denied. However, the Court has directed plaintiff to file an amended complaint within thirty days. If plaintiff desires, he can add those defendants to his amended complaint according to the instructions provided above.

### C. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 5). The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to

7

appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim...and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $30.07 within **thirty (30)** days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion to amend by interlineation (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 5) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date of this order in which to file an amended complaint on the Court-provided form.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this order, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that when the amended complaint is received, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 18th day of July, 2019.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE